[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The trial in this matter commenced on May 15, 1997.
The plaintiffs alleged in their complaint that they entered into an oral agreement with the defendant, whereby they would provide the labor and the defendant would provide the material to build a one-family house on a one-acre parcel of land owned by the defendant.
The plaintiffs further allege that, upon completion, the property would be conveyed to them and they would pay the sum of $700 per month to the defendant for the land and materials which he provided.
The plaintiffs now seek payment for their efforts because of the defendant's failure to abide by the agreement.
The unjust enrichment claim was abandoned at trial.
The defendant filed a counterclaim alleging that the CT Page 6734 plaintiffs breached the agreement and, as a result thereof, he was deprived of the benefit of the use of his money and the loss of the bargain had the agreement not been breached.
Midway through the trial, the defendant fired his lawyer and proceeded to conclusion as a pro se litigant.
At trial, the defendant testified that, originally, the parties intended that an apartment would be built on an existing building owned by the defendant. The zoning regulation, however, would not permit this to be done and the parties decided to proceed on another course of action. This latter agreement was roughly memorialized by a memorandum, unsigned, which was prepared by the defendant's wife.
The defendant testified to the following chronology of events:
1. In the spring of 1992, construction began and land was cleared. He and the plaintiff equally shared in this work.
2. Digging of the foundation was done by the plaintiff and his relations. This work took much longer than it should have if properly done.
3. Footings came next. This work took approximately one week and was done by the plaintiff and his parents.
4. Forms were built by the plaintiff, his family and the defendant.
5. Next came the foundation and the basement floor, and then the sill plate. The defendant assisted in much of this work.
6. The floor joists were the final items completed before the defendant went to Germany.
The defendant further testified that upon his return in late summer, no other work had been done. He then assisted the plaintiff in the framing of the house. Also at this time, the plaintiff told the defendant that he would want to be paid $20 per hour for his framing time. The framing took about ten to eleven weeks. (See plaintiffs' exhibit No. 2, which is defendant's calendar memorializing the time it took to do the framing.) CT Page 6735
Finally, the defendant testified that his records indicate that the plaintiff worked 308 hours from March to late June, and 243 hours on the framing. He admits that in December there were small jobs done, but he kept no record of this period of time.
On December 15, the defendant told the plaintiffs that he had kept his part of the bargain and was able to account for $30,000, and, therefore, he would no longer put any more money into the project. On December 17, Murray told the defendant he also had no money and was quitting the job.
It was the defendant's understanding that his obligation was to only put up $30,000 and any other money required to complete the project would have to come from the plaintiffs.
In December, 1992, the defendant's testimony was that he had spent $23,000 and was owed $5000 for his labor, and he had placed $2000 in escrow for completion of the driveway.
Mrs. Murray testified that it was never discussed that the plaintiffs would ever have to put up any money for the project — that all they had to do was the labor.
Mr. Murray testified substantially in accordance with the chronology of events testified to by the defendant. His testimony, however, is that he spent 858 hours rather than the time testified to by the defendant. This was further amended when, on cross-examination, he said that he worked approximately 800 hours.
Defendant's expert testified that most of the work done by the plaintiff was in the way of "menial labor" which only commanded $7 to $10 per hour.
The estimates of time spent on the job by the plaintiff varied considerably. The complaint alleges 800 hours of work, however, plaintiffs' pretrial memorandum said 1600 hours were expended. On trial, the plaintiff conceded that it was likely that he performed 800 hours of construction services. It appears to the court that the more believable evidence was that presented by the defendant, i.e., the plaintiff did about 550 hours of work
The court concludes that there was never really a meeting of the minds on what was to be done, when it was to be done, and the CT Page 6736 limits which were to be imposed on the parties. Accordingly, the court concludes that there was no agreement as to who was to provide all of the materials and all the labor. The plaintiffs have, however, convinced this court that they should be compensated on their quantum meruit claim. There was reason to believe that a contract existed and, on that basis, there was a benefit conferred on the defendant. This benefit is computed at 550 hours at $10 per hour, or $5500.
Judgment may enter for the plaintiffs in the amount of $5500. Judgment may also enter for the plaintiffs on defendant's counterclaim.
Mihalakos, J.